UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-98-4150 |
| | § | |
| SLAVIC STEIN; aka STEIN, *et al*, | § § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm County Mutual Insurance Company of Texas' (collectively "State Farm") motion to revive a dormant judgment entered on December 7, 2001. Doc. 310.

"The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a). In Texas, "[i]f a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived." Tex. Civ. Prac. & Rem.Code Ann. § 34.001. "A dormant judgment may be revived by *scire facias* or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant." Id. at § 31.006.

The Court entered a final judgment against Michael Giventer on December 7, 2001, in the amount of $8.6 million plus interest at 2.23% and court costs and attorneys' fees in the amount of $1 million. No writ of execution was issued and the judgment became dormant on December 7, 2011. State Farm now moves, within two years of the date that the judgment

became dormant, to revive the judgment. In response, Giventer contends that a 2003 settlement agreement between State Farm and various co-judgment debtors and third parties in a later lawsuit discharged State Farm's claims against Giventer. Doc. 315 at 2, 10-22. Giventer was not a party to that settlement agreement, however, and nothing in the agreement purports to release any of State Farm's claims against Giventer. Giventer has indicated no adequate grounds to deny State Farm's motion.

The Court therefore

**ORDERS** that Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm County Mutual Insurance Company of Texas' motion to revive a dormant judgment (Doc. 310) is **GRANTED**.

SIGNED at Houston, Texas, this 4th day of April, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE